United States District Court
Middle District of Florida
Jacksonville Division

**JOHN S. JORDAN,**

    *Plaintiff,*

v.                                                                    No. 3:18-cv-145-J-20PDB

**A.S.A.P. TOWING, INC.,**

    *Defendant.*

_____

## Report & Recommendation

Seeking return of his car towed upon his arrest, the contents of the car, and damages for emotional distress and the like, John Jordan, proceeding without a lawyer, sues A.S.A.P. Towing, Inc., Doc. 11, and moves to proceed in forma pauperis, Doc. 2. The undersigned recommends dismissal without prejudice for lack of subject matter jurisdiction.

Jordan filed this action in January 2018. Doc. 1. Upon review of the original complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned directed Jordan to file an amended complaint. Doc. 7. Construing the complaint liberally, the undersigned observed he may be trying to state a claim under 42 U.S.C. § 1983 but found he failed to allege facts from which a plausible inference could be drawn that A.S.A.P. Towing—a private actor—had conspired with a state actor to deprive him of any federal right. Doc. 7 at 1–2. The undersigned further observed that it was unclear whether Jordan was trying to raise only state claims for things like common-law conversion, replevin under Fla. Stat. § 78.01, or recovery under Fla. Stat. § 713.78, which would have to be brought in state court given that those are state claims, the amount in controversy was not more than $75,000, and both parties appeared to be Florida citizens. Doc. 7 at 2–3.

Jordan failed to timely file an amended complaint, and the undersigned issued an order to show cause why the action should not be dismissed for failure to comply with the order directing amendment or otherwise prosecute the case. Doc. 8. Jordan responded by filing an amended complaint, Doc. 9, and declaration, Doc. 10, and then a second amended complaint, Doc. 11, and exhibit, Doc. 11-1.

In the latest pleading, as the basis for jurisdiction, Jordan cites Fla. Stat. § 713.78. Doc. 11 at 3. He alleges these facts. Upon his arrest on May 6, 2017, an officer with the Jacksonville Sheriff's Office called A.S.A.P. Towing to take his car.[1] Doc. 11 at 4. A.S.A.P. Towing towed the car with no inventory having been done. Doc. 11 at 4. His family has taken off work and traveled from Georgia to get the car, the Jacksonville Sheriff's Office has authorized release of the car to his mother, and she has paid $800 to get the car, but A.S.A.P. Towing has refused to release the car and its contents. Doc. 11 at 4. He states he and A.S.A.P. Towing are Florida citizens. Doc. 11 at 3. He asks for $8,000 as the value of the car and its contents (or the car and its contents), $20,000 for mental distress, $20,000 for mental anguish, $20,000 for violating Section 713.78, $10,000 for causing his family stress, and $800 as the amount paid to get the car back. Doc. 11 at 4.

Federal courts have an independent obligation to determine if subject-matter jurisdiction exists even if a party has not challenged it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If the court determines it lacks jurisdiction, it must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

---

[1]Another pending case by Jordan involves the May 7, 2017, arrest. *See Jordan v. Jacksonville Sheriff's Officer*, 3:17-cv-1198-J-20PDB.

The latest pleading makes clear this Court is without jurisdiction to decide Jordan's claim. He identifies no specific statutory grant (and the undersigned can think of none), he alleges only a state claim against a private actor (citing only Section 713.78), and he alleges facts establishing no diversity jurisdiction (Florida citizenship on both sides).

The undersigned recommends **dismissal** of the action without prejudice for lack of subject-matter jurisdiction.[2]

**Done** in Jacksonville, Florida, on November 8, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  John S. Jordan
    8501 Hampton Springs Road
    Perry, FL 32348

---

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.